IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK A. GREEN, et. al. | * | |
| Plaintiffs | * | |
| v. | * | Case No. : 8:16-cv-02572-PMG |
| JENKINS SERVICES, LLC., et al. | * | Judge Paul W. Grimm |
| Defendants | * | |

\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS**

JENKINS SERVICES, LLC., Defendant, submits this Memorandum in Support its Motion for Judgment on the Pleadings against Plaintiffs Mark A. Green and Marcia Green.

**I.     INTRODUCTION**

Defendant Jenkins has simultaneously filed its Answer to Plaintiffs' Amended Complaint. Defendant Jenkins has also filed a detailed Motion with several exhibits that addresses the factual inconsistencies inherent in the allegations of Plaintiffs' Amended Complaint. Jenkins will not restate those facts here except as may be necessary to support its legal conclusions. Instead, Jenkins will focus on the applicable law as it applies to the pending Motion.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed, as long as it is early enough not to delay trial. See Fed. R. Civ. P. 12(c).  The legal standard governing such a Motion is the same as a Motion to Dismiss under Rule 12(b)(6). See, e.g., *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Booker v. Peterson Cos.*, 412 F. App'x 615, 616 (4th Cir. Feb. 25, 2011); *Economides v. Gay*, 155 F. Supp. 2d 485, 488 (D. Md. 2001).  In determining whether dismissal is appropriate, this Court assumes as true all well-pleaded facts in the plaintiff's complaint, but does not accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Simmons v. United Mort. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 55.  The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The consistent flaw in Plaintiffs' Amended Complaint is not that it is merely "conclusory" and alleges too little, it is that it alleges too much and those detailed allegations and exhibits demonstrate on their face that Jenkins is entitled to judgment on the pleadings.

### III.     ARGUMENTS

#### A.     Count One - Fraud v. Jenkins & John Doe

In ¶¶ 216 through 225 of the Amended Complaint, Plaintiffs use the "forge" words on twelve (12) occasions which Plaintiffs allege was "intentional." The pending Motion by Jenkins demonstrates clearly that no such forgery occurred and that Plaintiffs themselves signed the insurance check. Accordingly, Jenkins will not repeat those facts here. But Plaintiffs' Amended Complaint does not allege or even address those provisions of the Authorization for Work (Exhibit 7) or the Construction Contract (Exhibit 8A) that facially bar any claim for deceit or fraud.

Under Maryland law, fraud/deceit is a generic term which includes both actual and constructive fraud and embraces all acts, omissions, and concealments involving a breach of a legal or equitable duty, trust or confidence to another by which unconscientious advantage is taken of another. *Crawford v. Mindel,* 57 Md. App. 111, 469 A.2d 454 (1984). The essential elements are: (i) falsity or concealment; (ii) knowledge of such by a defendant; (iii) intent; (iv) justifiable reliance by a plaintiff; and, (v) resulting damages.

*Suburban Props. Mgmt. v. Johnson*, 236 Md. 455, 204 A.2d 326 (1964).  There must be "clear and convincing proof" of each of these elements. *Colandrea v. Colandrea,* 42 Md. App 421, 401 A.2d 480 (1979)  That is, more than a preponderance but less than beyond a reasonable doubt. *Weisman v. Connors,* 76 Md. App. 488, 547 A.2d 636 (1988)

On four (4) separate occasions in Exhibits 7 and 8A, Plaintiffs assigned all insurance proceeds to Jenkins, authorized USAA to name Jenkins as a payee on all checks, and agreed that Jenkins was entitled to the sum of $127,437.38 "upon execution of this contract."  No ordinary reading of those provisions can support a claim for fraud or concealment when Jenkins retained and deposited funds to which Plaintiffs had already agreed Jenkins was entitled.

Jenkins is entitled to judgment as to Count I.

### B.     Count II - Conversion & Misappropriation
### Count IX - Conversion of Negotiable Instrument

In both of these Counts, Plaintiffs repeat their allegations of forgery and allege that Jenkins has "wrongfully deprived the Greens of funds to which they are entitled."  (Am. Comp. ¶231.

Conversion is the wrongful exercise of dominion by one person over the personal property of another. *Medi-Cen  Corp. v. Birschbach,* 123 Md. App. 765, 720 A.2d v. 966 (1998); *Vaughn v. Vaughn*, 146 Md. App. 364, 806 A.2d 787 (2002).  Justification and

privilege are affirmative defenses to a claim of conversion. *Keys v. Chrysler Credit Corp.,* 303 Md. 397, 494 A.2d 200 (1985).

As with the claim of fraud/concealment, these claims also fail as a matter of law and fact.

As was shown, Jenkins had a contractual right to retain and deposit the check for $127,437.38.

It was "justified" in retaining such funds.

It had the "privilege" of retaining such funds.

Accordingly, there was no "wrongful exercise of dominion" by Jenkins of the USAA check and Plaintiffs claims for conversion and misappropriation necessarily fail.

Jenkins is entitled to judgment as to Counts II and IX.

### C.  Count XII - Money Had & Received

Plaintiffs pled this Count as an alternative to Count XI (Breach of Contract). Jenkins understands the concept of alternative theories of recovery, but it is perplexed by the claim that the Construction Contract (Exhibit 8A) is "too vague to be enforced." (Am. Compl. ¶ 297)  Plaintiffs contend that only two of seven "Contract Documents" were completed and therefore there was no meeting of the minds between the parties. A review of Exhibit 8A reveals otherwise.

Plaintiffs allege correctly that the Contract (Exhibit 8A) and the Authorization for

Work (Exhibit 7) became part of the Contract Documents. The are incorrect about the following.

1. <u>Description of Work</u>. In ¶ 299 of the Amended Complaint, Plaintiffs allege -- "**if the USAA Estimate attached as Exhibit 8 is not the 'Description of Work**' then there was no agreement on the description of the work, no agreement on or meeting of the minds and no contract." [emphasis supplied] Plaintiffs attached as Exhibit 8 to their Amended Complaint an 82 page document that specifies each item to be installed in the rebuilt Green residence down to the last coat hook. The last several pages include "footprint" drawings of the new home.

The description of the work to be performed is dated May 12, 2014, the same day the Construction Contract was signed by the parties.

The description includes the names and address of the Greens and their property.

The description of work is specifically referenced as being part of the "Contract Documents" listed in Exhibit 8A, Section 1.

There simply is no ambiguity as this point. There was detailed meeting of the minds.

2. <u>Architectural Drawings</u>

Again, Plaintiffs selectively misread and misquote the contract language. Exhibit 8A refers to "architectural drawings or design documents prepared by Jenkins Restorations dated \_\_\_\_:" The date of such drawings is left blank because they had not

then been prepared. Why would Jenkins incur the time and expense of retaining an architect to prepare detailed plans when Jenkins itself had not yet been retained by the Greens? That question answers itself.

There was no lack of meeting of minds on this point.

3. Assignment of Insurance Proceeds

Plaintiffs appear to suggest that such an assignment should have been a separate document attached to the Construction Contract and that its absence makes that Contract unenforceable.

Plaintiffs neglect to note that:

(a) the Authorization for Work (Exhibit 7) is also titled, "Assignment of Insurance Benefits" which by its very terms assigns all insurance proceeds to Jenkins.

(b) the Authorization also permits Plaintiffs' insurance carrier (USAA) to name Jenkins as a payee on any checks.

(c) the Construction Contract (Exhibit 8A), section 7, is also entitled "ASSIGNMENT OF INSURANCE PROCEEDS." It states: **"Customer hereby assigns to Jenkins Restorations any and all insurance proceeds relating to the Work. Customer also authorizes direct payment of any such insurance proceeds to Jenkins Restorations."** [emphasis supplied]

Plaintiffs' contentions in this regard are specious.

4. Notice of Cancellation

Plaintiffs appear again to suggest that such a notice should have been a separate document attached to the Construction Contract (Exhibit 8A) and that its absence makes that Contract unenforceable.

This contention overlooks the fact that the very last page of Exhibit 8A is just such a form "Notice of Cancellation" which Plaintiffs had every opportunity to employ.

The Contract is not vague or unenforceable for this reason.

5. <u>Consent to Electronic Signature</u>

As the record reveals, the parties did not employ electronic signatures. Instead, they received and endorsed paper checks from Wells Fargo drawn on funds deposited there by USAA. A consent to electronic signature is simply not relevant to this case and the Contract is not vague or unenforceable for this reason.

Count XII is confusing, it is improperly pled and it ignores the facts and provisions set forth in subparagraphs 1 through 5 above.

Jenkins is entitled to judgment on the pleadings on Count XII.

D. **Count XI - Breach of Contract**

Plaintiffs allege several claimed breaches of contract by Jenkins. They include:

a) failing to investigate/explore the septic situation in a timely fashion (¶¶ 283-287)

b) failing to rebuild the home to substantial completion by January 15, 2015

(¶ 288)

    c)    failing to timely mobilize and raze the damaged residence ¶ 288);

    d)    failing to conduct a perc test until March 2015.

In its *Answer to Amended Complaint*, Jenkins recites the chronology of events concerning these allegations based on documents in the record of this case. Jenkins will not repeat those matters but will note the following conclusions can be drawn.

    1.    Jenkins knew in January 2014 the Green residence was on well and septic and the Authorization for Work states so in a marginal note. However, this did not become an issue until later when the Greens insisted on "rebuilding" their home rather than "repairing" it.

    2.    It was not until the Construction Contract was signed on May 12, 2014 and the scope of the full rebuild was established between the parties that this full rebuild was going to require a perc test, <u>in addition to</u> a new survey, a complete site/grading plan, a forest conservation plan and a storm water management plan.

    3.    The "Wet Season" for performing percolation tests in 2014 expired on May 2. Jenkins could not have conducted such a test until the spring of 2015 which it timely did.

    4.    Jenkins could not "mobilize and raze" the Green residence without a permit from Prince George's County which it did not receive until the fall of 2014 and over which Jenkins had no control over the timing.

5.  After the Construction Contract was signed on May 12, 2014, circumstances beyond the control of Jenkins made performance of "substantial completion" impossible by January 15, 2015.

A party is not required to perform a contractual covenant when it is "impossible" to do so, or when there is a "showing of impracticability because of extreme or unreasonable hardship, expense, injury or loss." *Baltimore Luggage Co. v. Ligon*, 208 Md.. 406, 188 A.2d 665 (1955); *Wischhussen v. American Medicinal Spirits Co.,* 163 Md. 565, 163 A. 685 (1933).

There were no circumstances under which Jenkins could have legally or practically complied with what the Plaintiffs now calls breaches of contract.

Jenkins is entitled to judgment on the pleadings as to Count XI.

### E. Waiver/Estoppel

At no time prior to February 9, 2016 (Exhibit 26) did Plaintiffs ever voice to Jenkins any of the myriad complaints which they now raise in this lawsuit. They were content to allow Jenkins to raze the premises in November 2014 knowing that their home would not be completed in January 2015. They knew a perc test could not be performed in 2014 and would have to wait until 2015. They allowed Jenkins to incur all the expenses of architectural design, engineering design, mobilization, razing and demolition, and all the time and expense associated with the unsuccessful perc tests, without once

voicing an objection to any of these events themselves, or to their timing.

Waiver is the intentional relinquishment of a known right which can result from an express agreement or be inferred from conduct. *Simko v. Graymar Co.*, 55 Md. App. 561, 464 A.2d 1104, *cert denied,* 398 Md, 244 (1988)

Estoppel consists of voluntary conduct or representation, reliance and detriment. *Knill v. Knill,* 306 Md. 527, 510 A.2d 546 (1986).

Where implied waiver is involved, the distinction between waiver and estoppel is close and it may be impossible to determine where one ends and the other begin. Indeed, the same conduct may constitute both implied waiver and estoppel. *Gould v. Transamerican Assoc.*, 224 Md. 285, 167 A.2d 905 (1961); *Travelers Indem. Co. v. Nationwide Constr. Corp.,* 244 Md. 401, 224 A.2d 285 (1966).

Jenkins submits that Plaintiffs impliedly waived, and/or are estopped, from asserting their numerous claims against Jenkins.

## IV.    CONCLUSION

Jenkins contends that its pending Motion requires no real fact finding by this Court. The actions of Plaintiffs, the documents submitted by them, and the documents available in the public record all demonstrate two important points: a) Plaintiffs are mistaken and incorrect in their assertions against Jenkins; and b) those facts and documents entitle Jenkins to judgment as a matter of facts pled and as a matter of law.

This Court should grant Jenkins *Motion for Judgment on the Pleadings*.

Respectfully submitted,

*/s/ Mark J. Hardcastle*
_____
Mark J. Hardcastle, Bar No. 04470
Suite 418
5950 Symphony Woods Rd.
Columbia, Maryland 21044-3591
(410) 884-1160, Ext. 3021 - voice
(410) 884-1167 - facsimile
mjhardcastle@gmail.com - e-mail

Counsel for Jenkins Services, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September 2016, I caused a copy of the foregoing *Memorandum in Support of Motion for Judgment on the Pleadings* to be served through this Court's Electronic Case Filing System upon the following:

Charles Thomas Brown - tom@virginia-lawyers.net, christine@virginia-lawyers.net

James M Brault - jmb@braultgraham.com, cathy@braultgraham.com

Sarah E Meyer - semeyer@tph-law.com, mlnemphos@tph-law.com

Virginia Wood Barnhart - vwbarnhart@tph-law.com

And by United States Mail to:

TD Bank National Association
CSC Lawyers Incorporating Service. Co.
Suite 820
7 St. Paul Street
Baltimore, MD 21202

*/s/ Mark J. Hardcastle*
_____

Jenkins/Green/Memorandum Judgment Pleadings 09.14.16